AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| Jane Doe | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-8520 |
| Bank of America, N.A. | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Federal Bureau of Investigation
SERVE ON: Jason A. Reding Quiñones, U.S. Attorney, U.S. Attorney's Office for the Southern District of Florida
*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit 1.

| Place: | Jones Day | Date and Time: |
|---|---|---|
| | 600 Brickell Avenue, Suite 3300 | 03/04/2026 10:00 am |
| | Miami, FL 33131 | |

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit 1.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/20/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | /s/ Kristina K. Cercone |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bank of America, N.A., who issues or requests this subpoena, are:
Kristina K. Cercone, 110 North Wacker Drive, Suite 4800, Chicago, IL 60606; (312) 782-3939; kcercone@jonesday.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:25-cv-8520

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

In accordance with Federal Rules of Civil Procedure 30, 34 and 45 and the definitions and instructions herein, Defendant Bank of America, N.A. ("BANA") requests that the Federal Bureau of Investigation ("FBI") produce copies of the documents, electronically stored information, or objects specified herein (or permit the inspection and copying of the originals and all non-identical copies) to the offices of Jones Day, 600 Brickell Avenue, Suite 3300, Maimi, FL 33131, on or before **February 27, 2026** at 10:00 A.M. and that a witness competent to testify on the topics outlined below be presented for deposition at the offices of Jones Day, 600 Brickell Avenue, Maimi, Suite 3300, FL 33131, on or before **March 4, 2026** at 10:00 A.M.

## DEFINITIONS

The following definitions shall apply to the terms as used in these Requests:

1. **Action** shall mean *Doe v. Bank of America, N.A.*, No. 1:25-cv-08520-JSR (S.D.N.Y.).

2. **Communication** shall mean any written or oral communication via any means, and any memorialization thereof, without limitation, notes, letters, faxes, contracts, proposals, messages, e-mails, voicemails, instant messages, and recordings.

3. **Complaint** shall mean Plaintiff's Amended Individual and Class Action Complaint filed in this Action on December 29, 2025 (Dkt. No. 57), attached hereto as Exhibit A.

4. **Document** shall mean any document or tangible thing in the broadest sense of the term as defined in Fed. R. Civ. P. 26 and 34, including any electronically stored information.

5. **Investigation No. 31E-MM-108062** shall mean the federal investigation into Jeffrey Epstein that opened in or around 2006 and referred to as "Operation Leap Year."

6. **Investigation No. 50D-NY-3027571** shall mean the federal investigation into Jeffrey Epstein that opened in or around 2018 and that led to and resulted in the July 2019 indictment of Jeffrey Epstein.

7. Any term not defined in these Requests shall have the meaning used in the Complaint or otherwise used in the ordinary course.

## INSTRUCTIONS

The following instructions shall apply to each Request:

1. These Requests require the testimony relating to, and the production of Documents in the FBI's possession, custody, or control, including Documents in the possession of the FBI's employees, agents, representatives, contractors, attorneys, and any other person or entity acting or purporting to act on the FBI's behalf.

2. The term "any" shall be construed as encompassing "any" and "all."

3. Production of Documents in response to these Requests shall be made in accordance with the January 21, 2026 Amended Protective Order (Dkt. No. 67), attached hereto as Exhibit C, and the November 18, 2025 Electronic Discovery Stipulation and Order (Dkt. No. 40), attached hereto as Exhibit D.

4. If the FBI refuses to produce any Documents, in whole or in part, based on a claim of privilege, please provide a written privilege log.

## DOCUMENTS & TESTIMONY REQUESTED

1. Documents and/or testimony sufficient to show when Investigation No. 31E-MM-108062 opened and closed.

2. Documents and/or testimony sufficient to show the basis for opening Investigation No. 31E-MM-108062.

2

3. Documents and/or testimony relating to Jeffrey Epstein's finances, if any, that were considered in connection with Investigation No. 31E-MM-108062.

4. Documents and/or testimony sufficient to demonstrate which, if any, Suspicious Activity Reports ("SARs") relating to Jeffrey Epstein were considered in connection with Investigation No. 31E-MM-108062.

5. Documents and Communications reflecting inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with Investigation No. 31E-MM-108062, and/or testimony relating to the non-existence of any inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with Investigation No. 31E-MM-108062.

6. Documents and/or testimony sufficient to show when Investigation No. 50D-NY-3027571 opened and closed.

7. Documents and/or testimony sufficient to show the basis for opening Investigation No. 50D-NY-3027571.

8. Documents and/or testimony relating to Jeffrey Epstein's finances, if any, that were considered in connection with Investigation No. 50D-NY-3027571.

9. Documents and/or testimony to demonstrate which, if any, SARs relating to Jeffrey Epstein were considered in connection with Investigation No. 50D-NY-3027571.

10. Documents and Communications reflecting inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with Investigation No. 50D-NY-3027571, and/or testimony relating to the non-existence of any inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with Investigation No. 50D-NY-3027571.

3

11. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and/or testimony sufficient to show when such investigation(s) opened and closed.

12. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and/or testimony sufficient to show the basis for opening such investigation(s).

13. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and/or testimony relating to Jeffrey Epstein's finances, if any, that were considered in connection with such investigation(s).

14. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and/or testimony to demonstrate which, if any, SARs relating to Jeffrey Epstein were considered in connection with such investigation(s).

15. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and Communications reflecting inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with such investigation(s), and/or testimony relating to the non-existence of any inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with such investigation(s).

16. Documents and/or testimony sufficient to show the process by which the FBI obtains SARs in connection with its investigations generally.

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Jane Doe<br>*Plaintiff*<br>v.<br>Bank of America, N.A.<br>*Defendant* | ) ) ) ) ) ) Civil Action No. 1:25-cv-8520 |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: U.S. Attorney's Office for the Southern District of Florida
SERVE ON: Jason A. Reding Quiñones, U.S. Attorney, U.S. Attorney's Office for the Southern District of Florida
*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit 1.

| Place: Jones Day<br>600 Brickell Avenue, Suite 3300<br>Miami, FL 33131 | Date and Time:<br>03/04/2026 10:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit 1.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/20/2026

| *CLERK OF COURT* | OR | /s/ Kristina K. Cercone |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bank of America, N.A., who issues or requests this subpoena, are:
Kristina K. Cercone, 110 North Wacker Drive, Suite 4800, Chicago, IL 60606; (312) 782-3939; kcercone@jonesday.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-cv-8520

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

In accordance with Federal Rules of Civil Procedure 30, 34 and 45 and the definitions and instructions herein, Defendant Bank of America, N.A. ("BANA") requests that the U.S. Attorney's Office for the Southern District of Florida ("USAO") produce copies of the documents, electronically stored information, or objects specified herein (or permit the inspection and copying of the originals and all non-identical copies) to the offices of Jones Day, 600 Brickell Avenue, Suite 3300, Maimi, FL 33131, on or before **February 27, 2026** at 10:00 A.M. and that a witness competent to testify on the topics outlined below be presented for deposition at the offices of Jones Day, 600 Brickell Avenue, Suite 3300, Maimi, FL 33131, on or before **March 4, 2026** at 10:00 A.M.

## DEFINITIONS

The following definitions shall apply to the terms as used in these Requests:

1. **Action** shall mean *Doe v. Bank of America, N.A.*, No. 1:25-cv-08520-JSR (S.D.N.Y.).

2. **Communication** shall mean any written or oral communication via any means, and any memorialization thereof, without limitation, notes, letters, faxes, contracts, proposals, messages, e-mails, voicemails, instant messages, and recordings.

3. **Complaint** shall mean Plaintiff's Amended Individual and Class Action Complaint filed in this Action on December 29, 2025 (Dkt. No. 57), attached hereto as Exhibit A.

4. **Document** shall mean any document or tangible thing in the broadest sense of the term as defined in Fed. R. Civ. P. 26 and 34, including any electronically stored information.

5. **Investigation No. 31E-MM-108062** shall mean the federal investigation into Jeffrey Epstein that opened in or around 2006 and referred to as "Operation Leap Year."

6. **Investigation No. 50D-NY-3027571** shall mean the federal investigation into Jeffrey Epstein that opened in or around 2018 and that led to and resulted in the July 2019 indictment of Jeffrey Epstein.

7. Any term not defined in these Requests shall have the meaning used in the Complaint or otherwise used in the ordinary course.

## INSTRUCTIONS

The following instructions shall apply to each Request:

1. These Requests require the testimony relating to, and the production of Documents in the USAO's possession, custody, or control, including Documents in the possession of the USAO's employees, agents, representatives, contractors, attorneys, and any other person or entity acting or purporting to act on the USAO's behalf.

2. The term "any" shall be construed as encompassing "any" and "all."

3. Production of Documents in response to these Requests shall be made in accordance with the January 21, 2026 Amended Protective Order (Dkt. No. 67), attached hereto as Exhibit C, and the November 18, 2025 Electronic Discovery Stipulation and Order (Dkt. No. 40), attached hereto as Exhibit D.

4. If the USAO refuses to produce any Documents, in whole or in part, based on a claim of privilege, please provide a written privilege log.

## DOCUMENTS & TESTIMONY REQUESTED

1. Documents and/or testimony sufficient to show when Investigation No. 31E-MM-108062 opened and closed.

2. Documents and/or testimony sufficient to show the basis for opening Investigation No. 31E-MM-108062.

3. Documents and/or testimony relating to Jeffrey Epstein's finances, if any, that were considered in connection with Investigation No. 31E-MM-108062.

4. Documents and/or testimony sufficient to demonstrate which, if any, Suspicious Activity Reports ("SARs") relating to Jeffrey Epstein were considered in connection with Investigation No. 31E-MM-108062.

5. Documents and Communications reflecting inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with Investigation No. 31E-MM-108062, and/or testimony relating to the non-existence of any inquiries to BANA regarding Jeffrey Epstein in connection with Investigation No. 31E-MM-108062.

6. Documents and/or testimony sufficient to show when Investigation No. 50D-NY-3027571 opened and closed.

7. Documents and/or testimony sufficient to show the basis for opening Investigation No. 50D-NY-3027571.

8. Documents and/or testimony relating to Jeffrey Epstein's finances, if any, that were considered in connection with Investigation No. 50D-NY-3027571.

9. Documents and/or testimony to demonstrate which, if any, SARs relating to Jeffrey Epstein were considered in connection with Investigation No. 50D-NY-3027571.

10. Documents and Communications reflecting inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with Investigation No. 50D-NY-3027571, and/or testimony relating to the non-existence of any inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with Investigation No. 50D-NY-3027571.

11. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and/or testimony sufficient to show when such investigation(s) opened and closed.

12. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and/or testimony sufficient to show the basis for opening such investigation(s).

13. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and/or testimony relating to Jeffrey Epstein's finances, if any, that were considered in connection with such investigation(s).

14. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and/or testimony to demonstrate which, if any, SARs relating to Jeffrey Epstein were considered in connection with such investigation(s).

15. To the extent any additional investigation into Jeffrey Epstein's violations of the Trafficking Victims Protection Act occurred beyond Investigation No. 31E-MM-108062 or Investigation No. 50D-NY-3027571, Documents and Communications reflecting inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with such investigation(s), and/or testimony relating to the non-existence of any inquiries to BANA, Merrill Lynch, Pierce, Fenner & Smith Inc., or BofA Securities, Inc. regarding Jeffrey Epstein in connection with such investigation(s).

5

16. Documents and/or testimony sufficient to show the process by which the USAO obtains SARs in connection with its investigations generally.