UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60651-CIV-DIMITROULEAS/HUNT

IN RE SUBPOENA TO
FEDERAL BUREAU OF INVESTIGATION,
and UNITED STATES ATTORNEY'S OFFICE
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____/

**FEDERAL BUREAU OF INVESTIGATION AND UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF FLORIDA'S RESPONSE IN OPPOSITION TO BANK OF AMERICA'S <u>MOTION FOR EXPEDITED CONSIDERATION</u>**

The Federal Bureau of Investigation (FBI) and United States Attorney's Office for the Southern District of Florida (USAO SDFL) (collectively "DOJ"), respectfully file this Response in Opposition to Bank of America's Motion for Expedited Consideration of Motion to Quash and for a Protective Order. [D.E. 5]. In support thereof, DOJ states the following:

**INTRODUCTION**

Bank of America, N.A. (BANA), has moved this Court for expedited consideration of the Motion to Quash filed by DOJ. According to BANA, discovery in the underlying case is set to close March 16, 2026. [D.E. 5 at p. 3]. However, expedited consideration in this case is not warranted and would be contrary to the Local Rules for the Southern District of Florida. As such, this Court should deny BANA's Motion.

**ARGUMENT**

**I.      BANA's Delay Does Not Create an Emergency for this Court**

As background, the underlying lawsuit was filed back in October of 2025. *Id*. at p. 1. BANA avers to this Court that discovery in the underlying case was stayed until January 29, 2026, when the United States District Court for the Southern District of New York ruled on its Motion to

1

Dismiss. *Id.* at p. 3. However, BANA fails to identify when that stay took effect. A cursory look at the docket in the underlying case does not definitively show when the discovery stay was entered, however, it does show a minute entry on December 19, 2025, stating among other things, that "any party may serve a deposition subpoena while discovery is stayed…." *See Doe v. Bank of America, N.A.,* Case No. 1:25-cv-8520 (S.D.N.Y. Dec. 19, 2025). Based upon this docket entry, BANA could have issued the subpoenas (SDFL subpoenas) to FBI and USAO SDFL long before February 20, 2026. However, BANA did not do so. DOJ should not be required to submit to an expedited briefing schedule simply because BANA chose to delay issuing the SDFL subpoenas until after the court ruled on its motion to dismiss.

Further, even if this Court were to find that the oral order from Judge Rakoff in the underlying case allowing for deposition subpoenas to be issued is not sufficient to show delay on the part of BANA, BANA's own statements are sufficient to show the same. According to BANA's own statements, the stay of discovery in the underlying case was lifted on January 29, 2026. [D.E. 5 at p. 3]. However, the SDFL subpoenas to FBI and USAO SDFL were not issued until February 20, 2026, nearly a month later. *Id.* Further, the SDFL subpoenas were not actually served on the USAO SDFL until February 23, 2026. *Id.* So while BANA waited nearly a month after the discovery stay was lifted to issue the SDFL subpoenas at issue in this case, it expected DOJ to respond to the same subpoenas in less than a week.[1] As Local Rule 7.1 makes clear, "[m]otions are not considered emergencies if the urgency arises because of the attorney's or party's own dilatory conduct." L.R. 7.1(d).

Additionally, BANA cites several cases that "have held that the end of the discovery period is a basis for emergency or expedited relief." *See* D.E. 5 at pp. 3-4. However, a review of those

---

[1] Notably, DOJ did respond within the timeframe required by the SDFL subpoenas.

2

cases shows that such statement by BANA is a distortion of what those cases held. While it is true that expedited or emergency motions in those cases were granted, it was not due to the fact that discovery was ending, rather, there were other complicating factors. For example, in *Joseph v. Las Vegas Metro. Police Dep't,* 2013 WL 4458760, at *1 (D. Nev. Aug. 16, 2013), the Court notes that an emergency motion to compel was granted in the case, but does not state the reason. *Id*. Even reviewing the actual order granting the emergency motion, the Court does not reference the discovery cut-off date as a reason for granting the motion. *See id.* at D.E. 29 (D. Nev. Aug. 13, 2010). Similarly, in *S. Pine Credit Union v. Sw. Marine & Gen. Ins. Co*., 2024 WL 1361891, at *3 (M.D. Ga. Mar. 29, 2024), the Court grants an emergency motion to compel but does not reference the discovery cutoff as reasoning for the decision. Rather, the court addresses a host of discovery issues preceding the decision to grant the motion to compel. *See id.*

Finally, BANA's statements that February 11, 2026, was "the first time the legal theories relevant to the case were clarified" is disingenuous. *See* D.E. 5 at p. 4. As BANA pointed out, this case has been ongoing since October of 2025. *Id*. at p. 1. The fact that BANA waited until after its motion to dismiss was denied to develop its defense does not create an emergency on behalf of the government nor this Court.

**II.     Expedition is Not Appropriate as These Issues are Already Pending in the United States District Court for the Southern District of New York.**

While not discussed in BANA's Motion for Expedited Consideration [D.E. 5], it is important to note that subpoenas identical to the subpoenas at issue in this action, were issued to the FBI in New York and the U.S. Attorney's Office for the Southern District of New York. *See* Exhibits A and B. As BANA correctly pointed out, a discovery conference was held by Judge Rakoff in the United States District Court for the Southern District of New York on Monday, March 9, 2026. [D.E. 5 at p. 3]. Our colleagues in the U.S. Attorney's Office for the Southern District of

New York were in attendance, as they received *identical* subpoenas to the ones received by USAO SDFL. It is our understanding that the Court ordered the government entities present at the hearing to provide briefing related to the discovery dispute by Tuesday, March 10, 2026, with another hearing scheduled for Thursday, March 12, 2026. As DOJ had filed a Motion to Quash prior to the March 9, 2026, hearing, in this Court, it did not appear at the hearing in New York, as the only discovery dispute related to the SDFL subpoenas is located in the Southern District of Florida.

Given that there is a significant likelihood that *identical* subpoenas as those issued to DOJ will be resolved this week in the Southern District of New York, there is no reason to expedite briefing or consideration of the Motion in this case.

Further, the fact that *identical* subpoenas were issued to four separate offices, across two components of the same agency, bolsters DOJ's argument that the subpoenas place an undue burden on the government. To have four separate offices of the same agency respond to *identical* subpoenas is the very definition of duplicative and unduly burdensome. *See, e.g., Morton v. Lien Filers, Etc. of Heath W. Williams, L.L.C.*, No. 1:20-CV-3211-TWT-JKL, 2021 WL 4815899, at *4 (N.D. Ga. Aug. 19, 2021) (granting motion to quash subpoena, in part because "much of the information that Plaintiffs could get from [the subpoena] can be obtained from other sources"); *Lozman v. City of Riviera Beach*, No. 08-80134-CIV-HURLEY, 2013 WL 12080669, at *1 (S.D. Fla. Sept. 26, 2013) (granting motion to quash subpoena because "[t]his second set of subpoenas are clearly duplicative of those filed in [a prior] Admiralty Lawsuit"); *Weems Indus., Inc. v. Teknor Apex Co.*, No. 1:22-CV-01399SEGCMS, 2022 WL 19332037, at *3 (N.D. Ga. May 16, 2022) (granting motion to quash subpoena where the underlying discovery was "equally accessible to the defendant in [a separate, Iowa proceeding]," and the plaintiff's "entitlement to the documents sought in sections (a) and (e) of the Subpoena will be addressed when the Iowa court

4

rules on the pending motion to compel"). Of note, the four identical subpoenas issued to the four offices within DOJ are just the ones that the undersigned is aware of. We are unaware of how many additional subpoenas may have been issued by BANA to different government entities requesting the same information. Given that *identical* subpoenas are already on an expedited briefing schedule and at issue in the underlying litigation in the Southern District of New York, this Court should deny BANA's request for expedited consideration of the SDFL subpoenas in the Southern District of Florida.

### III. DOJ ATTEMPTED TO CONFER TO LIMIT SCOPE

BANA attempts to convince this Court that it received a blanket denial with no attempts by DOJ to negotiate the scope of the SDFL subpoenas, this is incorrect. After receiving the *Touhy* compliance letter from DOJ, on March 4, 2026, counsel for BANA and the counsel for DOJ spoke regarding the over-broad and unduly-burdensome nature of the SDFL subpoenas. During the phone call, BANA committed to providing, later that day, a list of documents found in the publicly available Epstein Files, so that DOJ could attempt to narrow the scope. However, the response received via email later that same day did not provide any such information. Nor has any such list of documents already in BANA's possession been provided since that day. Rather, as indicated in DOJ's Motion to Quash, the proposed topics in BANA's March 4, 2026, response widened, as opposed to narrowed, the search parameters for DOJ. As such, in compliance with the Federal Rules of Civil Procedure, DOJ proceeded with moving to quash the non-compliant subpoenas. However, contrary to BANA's assertions nothing in the Rules prohibit continued negotiations toward a compromise while the Motion to Quash is pending, and DOJ remains committed to reach such a compromise, if one is available.

## CONCLUSION

For the foregoing reasons, the Federal Bureau of Investigation and the United States Attorney's Office for the Southern District of Florida respectfully request that this Court deny Bank of America's Motion for Expedited Consideration.

                                                Respectfully Submitted,

                                                **JASON A. REDING QUIÑONES**
                                                **UNITED STATES ATTORNEY**

By:   */s/ Kelsi R. Romero*
        KELSI R. ROMERO
        Assistant U.S. Attorney
        United States Attorney's Office
        Southern District of Florida
        Special Bar No. A5502758
        500 East Broward Blvd, Suite 700
        Fort Lauderdale, FL 33394
        Kelsi.Romero@usdoj.gov

        Steven R. Petri
        Assistant United States Attorney
        Federal Bar No. A5500048
        500 E. Broward Blvd., Suite 700
        Ft. Lauderdale, FL 33394
        (954)660-5799; Fax: (954)356-7180
        Email: Steve.Petri@usdoj.gov

        Matthew J. Feeley
        Assistant United States Attorney
        Southern District of Florida
        Fla. Bar. No. 0012908
        99 N.E. 4th Street
        Miami, Florida 33132
        Telephone: (305) 961-9235
        Facsimile: (305) 530-7139
        Email: matthew.feeley@usdoj.gov